IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

Jose Mateo Guerra,         Case No.: 1:18-cv-13143

    Plaintiff,

v.

Michigan State Police, Trooper Corbin Holt,
in his individual Capacity, and Trooper Gideon
Paetz, in his individual capacity,

    Defendants.

_____/

James Hession (P42387)
222 E. Belle Avenue
P.O. Box 209
St. Charles, MI 48655
(989) 865-8298
sue@hessionlaw.com

Attorney for Plaintiff

_____/

**COMPLAINT AND JURY DEMAND**

1

INTRODUCTORY STATEMENT

1. Plaintiff, Jose Guerra, by and through his Attorney, James Hession, brings this Complaint for damages against Trooper Corbin Holt and Trooper Gideon Paetz, for excessive force in violation of his Fourth Amendment right to be free from unreasonable search and seizure. Plaintiff also brings this Complaint for damages against the Michigan State Police for violation of his constitutional rights based upon the Michigan State Police's policy, custom and/or practice of violating the constitutional rights of citizens residing in the city of Saginaw. Plaintiff also brings a State claim for assault and battery against Trooper Corbin Holt and Trooper Gideon Paetz.

2. On February 5, 2017, at approximately 1:50 a.m., Plaintiff was operating his vehicle in the City of Saginaw near Montgomery and Webber.

3. At that time, Trooper Holt and Trooper Paetz were on patrol, and began following Plaintiff's vehicle when it turned onto Montgomery from Webber. The troopers subsequently stopped Plaintiff because he purportedly made an illegal turn into a private residence without using his blinker.

4. At the time of the stop, Plaintiff's thumb and index finger on his right hand were bandaged with athletic tape because he suffered previous wounds while cutting steak.

5. Plaintiff was arrested for an outstanding warrant.

6. During the arrest procedure, Trooper Holt grabbed and pulled on Plaintiff's bandaged thumb and finger, thereby causing him to flinch from sharp, physical pain.

2

7. Trooper Holt also insisted that Plaintiff interlock his fingers during the handcuffing process, even though Plaintiff advised Trooper Holt that he was unable to do so because of his wounds.

8. Plaintiff advised Trooper Holt that he was in physical pain during the arrest and handcuffing process.

9. Because Plaintiff was unable to consent to the physical pain to his right thumb and index finger inflicted upon him by Trooper Holt, and because Plaintiff was unable to interlock his fingers because of the physical pain inflicted on the pre-existing wounds, Trooper Holt and Trooper Paetz, under the guise that Plaintiff was willfully obeying legal commands, proceeded to beat Plaintiff unconscious.

10. Plaintiff alleges violation of his rights under the 4th and 14th Amendments to the United States Constitution, as enforceable through 42 U.S.C. § 1983. He also brings a supplemental State claim for assault and battery.

11. Plaintiff alleges a permanent closed head injury as a result of the beatings he received from Trooper Holt and Trooper Paetz.

## JURISDICTION AND VENUE

12. Plaintiff hereby incorporates all prior allegation as if set forth fully herein.

13. Jurisdiction is proper under 28 U.S.C. §1331 and §1343, because this is a civil action seeking redress for the deprivation of rights secured by the United States Constitution.

14. This Court has supplemental jurisdiction over Plaintiff's State law claims under 28 U.S.C. §1367(a) because they are part of the same case or controversy as Plaintiff's federal claims.

3

15. Venue is proper under 28 U.S.C. §1391(b)(2) because the events giving rise to the claims occurred in Saginaw County, which is within the Eastern District of Michigan.

## PARTIES

16. Plaintiff hereby incorporates all prior allegations as if set forth fully herein.

17. Plaintiff, Jose Guerra was born on September 29, 1983 and was a 33 year old man on February 5, 2017. Plaintiff, Jose Guerra, was a resident of Saginaw County on February 5, 2017.

18. Defendant, Michigan State Police, is a state wide Police Agency and organized under the laws of the State of Michigan.

19. Defendant, Trooper Corbin Holt, is or was at all times relevant to this Complaint, a Trooper employed by the Michigan State Police. He is being sued in his individual capacity.

20. Defendant, Trooper Gideon Paetz, is or was at all times relevant to this Complaint, a Trooper employed by the Michigan State Police. He is being sued in his individual capacity.

## STATEMENT OF FACTS

21. Plaintiff hereby incorporates all prior allegations as if set forth fully herein.

22. On February 5, 2017, at approximately 1:50 a.m., Plaintiff was operating a vehicle near Montgomery and Webber in the City of Saginaw, State of Michigan.

23. On that date and time, Plaintiff turned onto Montgomery from Webber.

24. On that date and time, Trooper Corbin Holt and Trooper Gideon Paetz were on patrol in a Michigan State Police squad car.

4

25. The squad car began following Plaintiff's vehicle after it turned onto Montgomery and subsequently stopped Plaintiff's vehicle when Plaintiff turned into a residential driveway because Plaintiff purportedly did not activate his blinker before turning into the residential driveway.

26. After the stop, Trooper Corbin Holt initiated contact with Plaintiff while Plaintiff was still seated in his vehicle.

27. At that time, Trooper Holt was advised and observed that Plaintiff's index finger and thumb on his right hand were bandaged with athletic tape as a result of cuts he previously received while cutting steak.

28. A lien indicated there was an outstanding arrest warrant for Plaintiff.

29. During the arrest process, Plaintiff put his hands behind his back and consented to being handcuffed and arrested.

30. Trooper Holt grabbed and pulled at Plaintiff's bandaged index finger and thumb on his right hand, thereby inflicting sharp physical pain which caused him to flinch and aggravated his prior wounds.

31. Trooper Holt insisted that Plaintiff interlock his fingers to be handcuffed even though Plaintiff was unable to interlock his fingers without physical pain, and while Trooper Holt could have handcuffed Plaintiff without Plaintiff interlocking his fingers.

32. Plaintiff informed Trooper Holt that he was unable to interlock his fingers because of the previous wounds, pain and tenderness.

33. When Plaintiff advised Trooper Holt that he was in pain, Trooper Holt unreasonably insisted that Plaintiff consent to the sharp physical pain that he was inflicting upon Plaintiff, and insisted that Plaintiff interlock his fingers, while Plaintiff

5

was unable to and while this insistence was not necessary or reasonable at the time of this arrest.

34. Because Plaintiff was unable to consent to the physical pain intentionally inflicted by Trooper Holt, Trooper Holt and Trooper Paetz proceeded to beat Plaintiff unconscious.

35. Before beating Plaintiff unconscious, Trooper Holt and Trooper Paetz also slammed Plaintiff against the hood of the patrol car and repeatedly tased him.

36. The conduct of Trooper Holt and Trooper Paetz was objectively unreasonable at the time of arresting Plaintiff.

## COUNT I
### 42 U.S.C. §1983 VIOLATION OF THE 4TH AMENDMENT, EXCESSIVE FORCE, AS TO TROOPER CORBIN HOLT AND TROOPER GIDEON PAETZ

37. Plaintiff hereby incorporates all prior allegations as if set forth fully herein.

38. The 4th Amendment to the United States Constitution prohibits unreasonable searches and seizures, and the 4th Amendment is incorporated against the States by the 14th Amendment. Police Officers violating the 4th Amendment under Color of Law are liable at law under 42 U.S.C. §1983.

39. Under the 4th Amendment, Police Officers may not use excessive force when arresting a citizen with conduct or tactics that is objectively unreasonable.

40. Trooper Holt and Trooper Paetz, while acting under Color of Law, violated Plaintiff's clearly established right to be free from unreasonable search and seizure by unnecessarily inflicting sharp physical pain upon Plaintiff's pre-existing wounds and subsequently beating him until he was unconscious.

6

41. Trooper Holt and Trooper Paetz, while acting under Color of Law, violated Plaintiff's clearly established rights to be free from unreasonable seizure by beating Plaintiff unconscious under the guise that he was resisting arrest, when the troopers unreasonably insisted that Plaintiff consent to unbearable sharp physical pain, while Plaintiff was unable to do so, and while it was reasonable to arrest Plaintiff without inflicting unbearable sharp physical pain.

## COUNT II
### VIOLATION OF 42 U.S.C. §1983 AS TO THE MICHIGAN STATE POLICE

42. Plaintiff hereby incorporates all prior allegations as if set forth fully herein.

43. Defendant, Michigan State Police, had an unconstitutional practice, custom, or policy of violating the Constitutional rights of citizens residing within the City of Saginaw, while Michigan State Police trooper patrolled within the City of Saginaw.

44. This practice, custom or policy directly resulted in the violation of Plaintiff's 4th Amendment rights.

45. Defendant, Michigan State Police, failed to train its troopers not to use excessive force and how to use reasonable and appropriate arrest and handcuffing techniques when citizens are suffering from physical pain from pre-existing injury and/or pre-existing physical deformity.

## COUNT III
### STATE CLAIM OF ASSAULT AND BATTERY AGAINST TROOPER HOLT AND TROOPER PAETZ

46. Plaintiff hereby incorporates all prior allegations as if set forth fully herein.

47. Defendants Trooper Holt and Trooper Paetz made an intentional and unlawful threat to do bodily injury to Plaintiff.

48. The threat to Plaintiff was made under circumstances that created in him a well-founded fear of imminent peril.

49. Defendants Trooper Holt and Trooper Paetz had the apparent ability to carry out the act if not prevented.

50. The act was not prevented and Defendants Trooper Holt and Trooper Paetz willfully and intentionally beat Plaintiff unconscious.

51. As a direct and proximate result of Defendant Trooper Holts' and Defendant Trooper Paetz' assault and battery, Plaintiff suffered injury and damage, past, present and future, including: pain, suffering and emotional distress; humiliation, mortification and embarrassment; medical expenses; head injury resulting in memory problems; as well as other injuries and damages.

## DEMAND FOR RELIEF

Plaintiff Respectfully Requests that this Honorable Court:

a. Assert jurisdiction over this matter;

b. Award compensatory and punitive damages to Plaintiff, in an amount to be proved at trial;

c. Award Plaintiff costs and attorney fees pursuant to 42 U.S.C. §1988; and

d. Grant or award such other relief that this Court deems just and proper.

Respectfully Submitted,

_[signature]_

James Hession (P42387)
222 E. Belle Avenue
P.O. Box 209
St. Charles, MI 48655
(989) 865-8298
sue@hessionlaw.com
Attorney for Plaintiff

Dated: 10/8/18

## JURY DEMAND

Plaintiff, Jose Mateo Guerra, requests a trial by jury.

Respectfully Submitted,

/s/ James Hession

James Hession (P42387)
222 E. Belle Avenue
P.O. Box 209
St. Charles, MI 48655
(989) 865-8298
sue@hessionlaw.com
Attorney for Plaintiff

Dated: 10/8/18